**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GLOBAL INTERACTIVE MEDIA, INC.,

               Plaintiff,

     v.

TOWNSQUARE MEDIA, INC.,

             Defendant.

Civil Action No. _____

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Global Interactive Media, Inc. ("GIM") brings this patent-infringement action against Defendant Townsquare Media, Inc. ("Townsquare"), and alleges as follows:

**Parties**

1. GIM is a Belizian corporation having its principal place of business at 84 Albert Street, Belize City, Belize.

2. Townsquare is a Delaware corporation with its principal place of business at 240 Greenwich Avenue, Greenwich, CT 06830. Defendant owns and operates numerous local radio stations and national radio programs. At all times relevant to the claims asserted in this lawsuit, Defendant owned, operated and controlled radio station WRRV 92.7/96.9 ("WRRV"), and the website used to promote that station, http://www.wrrv.com.  Townsquare and WRRV have a regular and established place of business in New York at 2 Pendell Road, Poughkeepsie, New York 12601. Townsquare also has a regular and established place of business at 900 3rd Avenue, New York, NY 10022.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Townsquare because Townsquare conducts continuous and systematic business in New York such that it is essentially at home in New York. For example, Townsquare sells products and services to Townsquare's customers in this District. Townsquare maintains regular and established places of business in this District. The patent infringement claims arise directly from Townsquare's continuous and systematic activity in this District. Thus, this Court's exercise of jurisdiction over Townsquare would be consistent with traditional notions of fair play and substantial justice.

6. Townsquare is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of New York and this District, pursuant to due process and the New York long-arm statute, because Townsquare purposefully availed itself of the privileges of conducting business in the State of New York and in this District, because Townsquare regularly conducts and solicits business within the State of New York and within this District, and because GIM's causes of action arise directly from Townsquare's business contacts and other activities in the State of New York and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

**The Asserted Patents**

8. GIM asserts U.S. Patent Nos. 8,032,907 and 6,314,577 (collectively, the "Asserted Patents") in this action. The Asserted Patents each claim methods and/or systems of tracking broadcasts and providing program information on demand to customers who may wish

to make purchasing decisions based on the program information. The inventions claimed in the Asserted Patents represent uses of technology that were neither well-understood, routine, or conventional as of the time of the inventions. Prior to the inventions claimed in the Asserted Patents, for example, consumers listening to radio stations may have heard a song they liked and wished to purchase, but unless the station identified the song, the listeners had no ready way to obtain information about the song such as the title or artist. With the inventions claimed by the Asserted Patents, listeners not only are able to obtain that information, they are also able to purchase songs directly, an option that was not available to them until after the inventions of the Asserted Patents. The technology claimed in the Asserted Patents has become widespread to the point of ubiquity.

### Count 1 – Infringement of U.S. Patent No. 8,032,907

9.       GIM owns United States Patent 8,032,907 (the "'907 patent") (attached as Exhibit A).

10.       Defendants are infringing at least one of the 90 methods and systems claimed in the '907 patent by providing the Townsquare "Playlist" service.

11.       For example, and for illustration of one of the 90 claims of the '907 patent that GIM alleges that the Playlist service infringes, the service infringes claim 18 of the '907 patent as follows:

a.       Claim 18 claims a "method for providing recipients of a broadcast with automated information about program material, the method comprising: broadcasting program material in at least one broadcast[.]" (Ex. A, 19:13-16.) Townsquare owns and operates radio station WRRV in Poughkeepsie, New York.  WRRV broadcasts alternative music.

b.       Claim 18 is a method of "receiving one or more user inquiries from one or more

recipients of said at least one broadcast, said one or more inquiries including broadcast identifier information . . . ." (Ex. A, 19:17-19.) A consumer of music broadcast over WRRV in Poughkeepsie may access WRRV's website www.wrrv.com and inquire regarding the alternative music being broadcast over WRRV in Poughkeepsie, New York.

      c.     The method of claim 18 involves "creating a program description file comprising program information related to program material to be broadcast in the future[.]" (Ex. A, 19:20-22.) Townsquare allows consumers to inquire regarding the alternative music being broadcast by WRRV by, prior to the broadcast, creating files describing the music to be broadcast.

      d.     Next, claim 18 involves "communicating the program information into a programmed data processor[.]" (Ex. A, 19:23-24.) The Townsquare consumer is able to learn that the song Disarm by the band Smashing Pumpkins is currently being broadcast because Townsquare has a programmed data processor into which the program description file is loaded.

      e.     Claim 18 involves "synchronizing said communicated program information with said program material of said at least one broadcast[.]" (Ex. A, 19:25-26.) Townsquare synchronizes the description of Disarm with the broadcast of that song.

      f.     Claim 18 involves "using said data programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast identifier information included in said one or more inquiries, wherein at least one of the program description file, the program information, and the synchronized program information is associated with the broadcast identifier information." (Ex. A, 19:28-35.) Townsquare's Playlist service communicates the Disarm program information to the Townsquare consumer.

### Count 2 – Infringement of U.S. Patent No. 6,314,577

      12.     GIM owns United States Patent 6,314,577 (the "'577 patent") (attached as Exhibit

B).

13.     Townsquare is infringing at least one of the 130 methods and systems claimed in the '577 patent by providing the Townsquare Playlist service.

14.     For example, and for illustration of one of the 130 claims of the '577 patent that GIM alleges the Playlist service infringes, the service infringes claim 94 of the '577 patent as follows:

a.     Claim 94 is a "method for providing listeners or viewers of a radio or television broadcast with automated information about program material, comprising the steps of: broadcasting at least one radio or television broadcast[.]" (Ex. B, 23:15-18.) The Townsquare radio station WRRV in Poughkeepsie, New York broadcasts alternative music.

b.     Claim 94 involves "receiving user inquiries from a listener or viewer of said radio or television broadcast[.]" (Ex. B, 19-20.) WRRV's listeners may access the Playlist on WRRV's website (www.wrrv.com) and inquire regarding the alternative music being broadcast by WRRV in Poughkeepsie, New York.

c.     Claim 94 involves "creating a program description file[.]" (Ex. B, 23:21.) Townsquare allows consumers to inquire regarding the alternative music being broadcast by, prior to the broadcast, creating files describing the music to be broadcast.

d.     The method of claim 94 involves "communicating program list information into a programmed data processor[.]" (Ex. B, 23:22-23.) The Townsquare consumer is able to learn that the song Disarm by the band The Smashing Pumpkins is currently being broadcast because Townsquare has a programmed data processor into which the program description file is loaded.

e.     Claim 94 involves "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only a

broadcast identifier[.]" (Ex. B, 23:24-27.)   Townsquare correlates the communicated Disarm program information with the program list.

f.   Claim 94 involves "using said programmed data processor to communicate said program description file responsive to said user inquiry." (Ex. B, 23:28-30.) The Townsquare Playlist service uses the data processor to communicate the Disarm program information to the consumer in response to the consumer's inquiry.

### Demand for Jury Trial

GIM demands a trial by jury on all matters and issues triable by jury.

### Prayer for Relief

WHEREFORE, GIM prays for the following relief against Townsquare:

(a)   Judgment that Townsquare has directly infringed claims of the Asserted Patents;

(b)   For a reasonable royalty;

(c)   For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(d)   For such other and further relief as the Court may deem just and proper.

Dated:  July 31, 2018

Respectfully Submitted,

_____/s/_____

Joshua E. Abraham
BUTZEL LONG, PC
477 Madison Avenue, Suite 1230
New York, NY 10022
Tel: (212) 374-5570

Thomas G. Southard (*pro hac vice* pending)
Brian S. Seal (*pro hac vice* pending)
BUTZEL LONG, PC
1909 K. St., N.W., Suite 500
Washington, D.C. 20006
Tel: (202) 454-2800

*Attorneys for Plaintiff*